CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1869.

## STATE OF OREGON v. JOHN LEONARD.

CONTINUANCE.—Where it was not satisfactorily shown that there was a reasonable expectation of procuring the evidence at another term, a continuance was denied.

IDEM.—Where the witness has no fixed residence, a clear showing should be made of the circumstances tending to prove the probability of obtaining his evidence.

ADMISSIONS.—Where admissions were made to the arresting officer, and it also appears that the officer advised the defendant to make a confession, but it did not appear whether the admission was made before or after the advice was given, and the defendant's attorney neglected to question the witness on that subject, the court refused to charge the jury that they should disregard the evidence of the admissions.

AFTER the grand jury of the present term had been discharged, the district attorney presented the papers that had been certified by the committing magistrate in this case, and on his motion, the persons who had composed the grand jury were resummoned, in pursuance of section 32 of the criminal code.

The same foreman was reappointed, and the grand jury was again sworn; and afterwards presented a bill of indictment charging the defendant with larceny, in stealing twenty-eight ounces of gold dust, the property of one Morris.

*A. C. Gibbs*, district attorney, and *Charles Parrish*, for the state.

*Julius Moreland,* and *R. E. Bybee,* under appointment of the court, appeared for the defendant.

The defendant pleaded not guilty, and filed a motion and his affidavit for a continuance.

The affidavit stated that the gold dust was the defendant's property. That defendant and Morris had traveled together from Mazoula, some hundreds of miles, to Portland, the gold dust being brought in the canteenas or saddle-bags of Morris. That owing to Morris being familiar with the route, and with traveling, the defendant had requested Morris to take the gold dust and carry it for the defendant. That the absent witness would testify to those facts; that said witness was present at Mazoula, and saw the gold dust delivered by the defendant to said Morris. That at the time of that transaction, the witness left Mazoula to go to a designated town in Montana, with the intention of returning from there to Portland; and that he had business engagements with the defendant, to meet the defendant at this place in a few weeks, and to go from this place to Ohio in company with the defendant, on business of theirs. That the defendant knew of no other witness to the fact of the delivery or of the ownership of the gold dust. That the motion was not made for delay; and that the defendant would be able to produce the attendance of said witness at the next term of the court.

UPTON, J. It is not satisfactorily shown that there is a reasonable expectation of procuring the attendance of the witness at another term. The residence of the witness is not stated, nor is the nature of the business which may bring him to this place disclosed. Taking the affidavit to be true, if he then actually intended to come to this place, because of business relations with the defendant, there is no certainty that he will now have the same inducements to come. At that time the defendant had twenty-eight ounces of gold dust, if his affidavit is true; now he has no certainty of having anything to embark in that business. There is no certainty that the witness, if he should come, would be willing to be detained here until the next term, or that he would

let his presence be known, and there is not much difficulty in his avoiding risk of such detention, if he chooses to do so. Where the witness has no fixed residence, a clear showing should be made of the circumstances tending to prove the probability of obtaining his evidence.

The case being brought on for trial.

*Philip Saunders,* City Marshal, one of the witnesses, on behalf of the State, testified: "After hearing of the affair, about nine A. M., I went aboard the Cascades boat at Couches' wharf. I remained on the gangway until the passengers got off, and then went aft. A person on board pointed to a room where the boat hands sleep, and on entering the room I found the defendant in that room, lying on a bunk. I searched him and found this purse on him. I asked the defendant why he took it. He said he could not say what did possess him to take it. That he was sorry he took it. That Morris was a kind of loose man in his business. That Morris could spare it and not feel it. That he had never done such a thing before."

*On Cross-examination* the witness said: "I told him it would be better for him to make a clean breast of it, and throw himself on the mercy of the court."*

The defendant's counsel requested the court to charge the jury that it was their duty to disregard all evidence of admissions made by the defendant to Marshal Saunders. And the judge refused to give the instruction; the defendant's counsel having seen proper not to question the witness as to whether the admissions were made before or after the advice was given.

The defendant was convicted.

---

* Marshal Saunders was not questioned as to whether any, or how much, of the confession was made after the witness gave the advice.